Santini Fertilizer Co., Plaintiff and Appellee, *v.* Gerardo Flores and Ruperta Flores, Defendants and Appellants.

No. 5167. Argued December 23, 1929.—Decided January 15, 1930.

*José Juliá Marín,* for appellants.   *R. Buscaglia,* for appellee.

Mr. Justice Texidor delivered the opinion of the court.

It is alleged in the complaint in this case that the defendants Gerardo Flores and Ruperta Flores purchased on credit from the plaintiff a quantity of chemical fertilizer to be used in the planting of tobacco and that in exchange therefor they signed and delivered to the plaintiff a promissory note for $1,200.83, a copy of which is said to be attached to the complaint, although the same does not appear from the transcript of the record; and that they have not as yet made either full or part payment of the amount they owe.   The defendant Ruperta Flores demurred to the complaint and filed an answer thereto denying that she had purchased said fertilizer or any other goods on credit from the plaintiff, or that she had signed any promissory note therefor.   She alleged that she subscribed the note to which the complaint refers merely as a guarantor of Gerardo Flores, and that the fertilizer in question was not intended either for her own benefit and use, or for the benefit and use of the conjugal partnership she had with her husband José Juliá Marín.   She further alleged that the obligation in this case had been novated upon being ex-

tended by the plaintiff without her knowledge or consent. Gerardo Flores filed a demurrer to the complaint.

From the transcript of the evidence herein it does not appear that the promissory note or the obligation has been novated, as claimed. It does appear that both defendants signed the same note, a copy of which is incorporated at page 14 of the transcript. The note is a solidary obligation subscribed by Gerardo and Ruperta Flores and it also appears from the evidence that the defendant Ruperta Flores stated that she signed the note as a guarantor of her brother Gerardo.

The court gave judgment for the plaintiff and adjudged both defendants to pay to the plaintiff the sum of $1,200.83 together with interest, $200 attorney's fees and costs.

Against that judgment an appeal was taken by the defendants which the appellee now moves to dismiss on the ground that it is frivolous and without any legal basis.

We do not think that it would be a good defense for a solidary obligor to plead that he signed the note sued on as a guarantor of his comaker, and likewise as to the defenses that defendant Ruperta Flores did not take the goods to which the note related, or subscribed the note for the benefit of the conjugal partnership. It is possible that it might not be easy to execute the judgment out of the share of the defendant in such community property, but it is beyond question that the fact that she signed the obligation to accommodate her brother Gerardo Flores does not constitute a meritorious defense. *Cintrón & Aboy* v. *Solá,* 22 P.R.R. 245.

The appeal, therefore, will be dismissed as frivolous.